970 So.2d 502 (2007)
Patrick B. OSTMAN, Appellant,
v.
Loretta J. OSTMAN, Appellee.
No. 2D04-5449.
District Court of Appeal of Florida, Second District.
December 21, 2007.
Elizabeth S. Wheeler of Berg & Wheeler, P.A., Brandon, for Appellant.
Stacey L. Turmel and Shirin Rustomji of Stacey L. Turmel, P.A., Tampa, for Appellee.
SALCINES, Judge.
Patrick B. Ostman, the Former Husband, appeals from a postdissolution modification order that approved and confirmed a general master's recommendations with respect to the modification of alimony previously awarded to Loretta J. Ostman, the Former Wife.[1] The general master's conclusion that there was a material, substantial, involuntary, and permanent change in the Former Wife's circumstances was not supported by competent, substantial evidence and thus did not provide a basis for an upward modification of the original permanent periodic alimony award. Hence, the trial court abused its discretion in approving the general master's recommendations concerning the modification of the permanent periodic alimony award. Furthermore, the decision concerning the modification of the permanent periodic alimony award cannot be affirmed on an alternative basis. Accordingly, we reverse the modification order to the extent that it retroactively and prospectively increased permanent periodic alimony and established an alimony arrearage.
Reversed and remanded.
NORTHCUTT, C.J., Concurs.
FULMER J., Concurs specially.
FULMER, Judge, Specially concurring.
The General Master's report and recommendation contains findings of fact that are recited as a factual basis for the conclusion that "[t]here has been a material, substantial, involuntary and permanent change in Former Wife's circumstances as a result of her medical conditions, her inability to complete a college degree and her inability to work on a regular basis." In his brief, the Former Husband reviews the testimony *504 and evidence presented and explains why the factual findings are not supported by competent, substantial evidence. Having reviewed the record, I agree with the Former Husband's arguments. Although the Former Wife established that she had various medical conditions, several of which predated the dissolution, the record is devoid of evidence that these conditions made it impossible for her to complete her education or prevented her from working on a regular basis. Therefore, I agree that the trial court's order approving the report and recommendation of the General Master should be reversed.
NOTES
[1] In her petition for modification, the Former Wife also sought a modification of child support. The initial order entered by the trial court approved and confirmed the recommendations of the general master in all respects except for child support. Matters pertaining to child support were ultimately resolved by a joint stipulation of the parties that was ratified by court order. Finally, the Former Wife has not filed a cross-appeal from the termination of rehabilitative alimony. The only issues before this court relate to the modification of the permanent periodic alimony award.